IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORENZO A. SALAS,

    Petitioner,

v.                                                                          1:22-cv-00040-JB-LF

LEON MARTINEZ, *et al*,

    Respondents.

### **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Lorenzo Salas' 28 U.S.C. § 2254 habeas petition (Doc. 1) (Petition). Petitioner challenges his 2015 state convictions based on, inter alia, due process violations and ineffective assistance of counsel. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why this proceeding should not be dismissed as untimely.

**I. Procedural Background**

In 2015, a jury convicted Petitioner of attempted murder and tampering with evidence. *See* Doc. 2 at 1. The state court sentenced him to 28 years imprisonment. *Id.*; Amended Judgment in D-202-CR-2014-5562.[1] The state court entered its Amended Judgment on December 28, 2015. *Id.* Petitioner filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed. *See* Doc. 2 at 2. The New Mexico Supreme Court (NMSC) denied certiorari relief on April 4, 2017. *Id.* at 3; Order Denying Cert in S-1-SC-36331. Petitioner did not seek federal certiorari review with the United States Supreme Court. *See* Doc. 2 at 3. The Amended Judgment therefore

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal docket. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

became final no later than July 4, 2017, after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition ... has passed").

In 2017 and 2018, Petitioner filed several unsuccessful motions seeking transcripts. *See* Docket Sheet in D-202-CR-2014-5562. In its July 25, 2018 order denying Petitioner's Motion for Transcripts, the state court noted he "has not filed a Petition for Writ of Habeas Corpus." Order entered July 25, 2018, in D-202-CR-2014-5562. Over two years passed with no activity in the state criminal case. On February 4, 2021, Petitioner filed a state habeas petition. *See* Petition in D-202-CR-2014-5562. The state court denied that petition by an order entered September 15, 2021. *See* Order in D-202-CR-2014-5562.

Petitioner filed the instant § 2254 Petition on January 19, 2022. He argues, inter alia, that his sentence was improperly enhanced; counsel was ineffective; the prosecutor committed misconduct; and his convictions should be vacated based on cumulative error. Petitioner paid the $5 filing fee, and the matter is ready for initial review under Habeas Corpus Rule 4.

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)   While a state habeas petition is pending, § 2244(d)(2);

(2)   Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). However, equitable tolling is a rare remedy; the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

Petitioner's limitation period began to run no later than July 4, 2017, after the direct appeal period expired in connection with the Amended Judgment. *See Rhine*, 182 F.3d at 1155. The only state filings during the next year consist of record requests and a mandamus proceeding based on the refusal to provide records/transcripts. *See* Docket Sheets in D-202-CR-2014-5562; S-1-SC-36740. The Tenth Circuit has repeatedly held that state motions for records or transcripts do not toll the habeas limitation period under 28 U.S.C. § 2244(d)(2). *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (district court "correctly determined that the limitations period should not be tolled during the pendency of [petitioner's] various motions for transcripts and petitions for writs of mandamus relating to those motions"); *Mack v. Falk*, 509 F. App'x 756, 758 (10th Cir. 2013) ("As the district court correctly concluded, [petitioner's] … request for transcripts did not constitute an application for post-conviction or other collateral review with respect to the pertinent judgment or claim, and, therefore, did not toll the limitations period."); (quotations omitted);

3

*Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. 1999) ("[Petitioner's] attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)"). Assuming Plaintiff's record requests do not trigger tolling here, the one-year period expired on July 4, 2018, and the 2022 habeas proceeding is time-barred.

Alternatively, even if Petitioner's record requests tolled the limitation period under § 2244(d)(2)—since they raise due process arguments—this proceeding still appears time-barred. The following timeline reflects Petitioner's post-judgment motions seeking transcripts or records. For purposes of § 2244(d)(2), each state motion remained pending until "the State's highest court … denied review" or the state appeal period (here, 30 days) has expired. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *see also* NMRA, Rule 12-201 (an appeal must be filed within 30 days after entry of the challenged order or judgment).

July 4, 2017:   Amended Judgment becomes final.

    **- 43 days pass with no tolling -**

August 16, 2017:   Petitioner files a *pro se* motion seeking transcripts and due process.

August 16, 2017:   The state court denies the motion on the same day.

Sept. 16, 2017:   The one-year period resumes after the order becomes final.

    **- 46 days pass with no tolling -**

Nov. 1, 2017:   Petitioner files a NMSC mandamus petition seeking transcripts.

Nov. 7, 2017:   NMSC denies the petition.

Nov. 8, 2017:   The one-year period resumes.

    **- 259 days pass with no tolling, for a total of 348 days -**

    July 25, 2018:   Petitioner files a second *pro se* motion seeking transcripts and due process.

    July 25, 2018:   The state court denies the motion on the same day.

    Aug. 25, 2018:   The one-year period resumes after the order is final.

*See* Docket Sheet in D-202-CR-2014-5562.

When "statutory tolling ceased" on August 25, 2018, the remaining "time for filing a federal habeas petition [17 days][2] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations under § 2244). The state docket reflects no additional tolling activity during the next 17 days. *See* Docket Sheet in D-202-CR-2014-5562. Even if the Court credited the time Petitioner spent seeking state records/transcripts, the one-year limitation period expired no later than September 11, 2018, and the § 2254 Petition filed in 2022 appears time-barred. The state habeas petitions filed in 2021 did not— as Petitioner may believe —restart the clock or otherwise impact the expired limitations period.[3] *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).

Within thirty (30) days of entry of this ruling, Petitioner must show cause in writing why the Petition is not time-barred. The failure to timely respond and overcome the time-bar will result

---

[2] The Court arrived at this figure by subtracting the number of potential tolling days that elapsed during 2017 and 2018 (348) from the one-year period (*i.e.,* 365 days in a year - 348 days = 17 remaining days).

[3] The Supreme Court has created one exception to this general rule. *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because the appeal period was never reopened.

in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE