## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LORENZO A. SALAS,

      Petitioner,

v.                                                                                    No. CIV. 22-040 JB/LF

LEON MARTINEZ,
ANTHONY ROMERO, and
HECTOR BALDERAS, ATTORNEY
GENERAL OF THE STATE
OF NEW MEXICO,

      Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed January 19, 2022, filed January 19, 2022 (Doc. 2)("Petition"). Petitioner Lorenzo A. Salas challenges his 2015 State convictions based on, among other things, due process violations and ineffective assistance of counsel. The Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Salas to show cause why by the one-year statute of limitations does not bar his habeas claims. <u>See</u> Memorandum Opinion and Order, filed July 21, 2022 (Doc. 5)("OSC"). Because Salas has not demonstrated grounds for tolling, and having researched applicable law and the State docket to confirm the time-bar, the Court dismisses the Petition with prejudice.

## <u>BACKGROUND</u>

The Court takes the following background information from the Petition and Salas' State court criminal dockets, <u>State of New Mexico v. Salas</u>, Case No. D-202-CR-2014-05562 (County of Bernalillo, Second Judicial District Court, State of New Mexico)(the "State Trial Court"); <u>State</u>

of New Mexico v. Salas, Case No. A-1-CA-35328 (New Mexico Court of Appeals)("NMCA");

and State of New Mexico v. Salas, Case No. S-1-SC-36331 (New Mexico Supreme Court

("NMSC"). The State criminal filings are subject to judicial notice. See United States v.

Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(determining that courts have "discretion to take

judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear

directly upon the disposition of the case at hand"); Mitchell v. Dowling, 672 Fed. App'x 792, 794

(10th Cir. 2016)(determining that habeas courts may take "judicial notice of the state-court docket

sheet to confirm the date that each [State] motion was filed");[1] Van Duzer v. Simms, No. CIV 18-

_____

[1] The Court relies on Mitchell v. Dowling, 672 Fed. App'x 792 (10th Cir. 2016), and other
unpublished opinions herein to the extent their reasoned analysis is persuasive in the instant case.
See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited
for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have
> generally determined that citation to unpublished opinions is not favored.
> However, if an unpublished opinion or order and judgment has persuasive value
> with respect to a material issue in a case and would assist the court in its disposition,
> we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Mitchell
v. Dowling, Taylor v. Wade, 789 Fed. App'x 674 (10th Cir. 2019), Rojas-Marceleno v. Kansas,
765 F. App'x 428 (10th Cir. 2018), Clay v. Jones, 491 Fed. App'x 935 (10th Cir. 2012), Mack v.
Falk, 509 Fed. App'x 756 (10th Cir. 2013), Osborne v. Boone, 176 F.3d 489, 1999 WL 203523
(10th Cir. 1999). Gunderson v. Abbott, 172 Fed. App'x 806 (10th Cir. 2006), Trujillo v. Tapia, 359
Fed. App'x 952 (10th Cir. 2010), Kraus v. Heimgartner, 681 Fed. App'x 679 (10th Cir. 2017),
Mullins v. Allbaugh, 663 Fed. App'x 628 (10th Cir. 2016), Jones v. Romero, 835 Fed. App'x 973
(10th Cir. 2020), Ramirez v. Allbaugh, 771 Fed. App'x 458 (10th Cir. 2019), Phares v. Jones, 470
Fed. App'x. 718 (10th Cir. 2012), ); Porter v. Allbaugh, 672 Fed. App'x 851 (10th Cir. 2016),
Donald v. Pruitt, 853 Fed. App'x 230 (10th Cir. 2021), United States v. Oakes, 445 Fed. App'x 88
(10th Cir. 2011), Trujillo v. Santistevan, 828 F. App'x 510 (10th Cir. 2020), Harrison v. Bent Cty.
Corr. Facility, 24 Fed. App'x 965 (10th Cir. 2001), Bhutto v. Wilson, 669 Fed. App'x 501 (10th
Cir. 2016), Heinemann v. Murphy, 401 Fed. App'x 304 (10th Cir. 2010), Takemire v. Novak, 57
Fed. App'x, 385 (10th Cir. 2003), Del Rantz v. Hartley, 577 F. App'x 805 (10th Cir. 2014), Reupert
v. Workman, 45 Fed. App'x 852 (10th Cir. 2002), Stovall v. Chaptelain, 660 F. App'x 674 (10th
Cir. 2016), Garcia v. Hatch, 343 Fed. App'x 316 (10th Cir. 2009), United States v. Thody, 460
Fed. App'x 776 (10th Cir. 2012), Rhodes v. Wyoming Dep't of Corr., 720 Fed. App'x 958 (10th
Cir. 2018), Burke v. Bigelow, 792 Fed. App'x 562 (10th Cir. 2019), United States v. Orecchio,

0405 JB/LF, 2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018)(Browning, J.)(determining that courts may take judicial notice of New Mexico State criminal dockets).

In 2015, a jury convicted Salas of attempted murder and tampering with evidence.  See Petition at 1.  The State Trial Court sentenced Salas to twenty-eight years imprisonment.  See Petition at 1.  The State Trial Court entered its Amended Judgment on December 28, 2015.  See, State of New Mexico v. Salas, Case No. D-202-CR-2014-05562, Amended Judgment (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed December 28, 2015).   Salas filed a direct appeal, and the Court of Appeals of New Mexico affirmed the convictions and sentence.  See Petition at 2.  The Supreme Court of New Mexico denied certiorari relief on April 4, 2017.  See Petition at 3; State of New Mexico v. Salas, Case No. S-1-SC-36331, Order Denying Certiorari Petition (Supreme Court of New Mexico, filed April 4, 2017).   Salas did not seek certiorari review with the Supreme Court of the United States.  See Petition at 3.   The Amended Judgment, therefore, became final no later than July 4, 2017, after expiration of the ninety-day federal certiorari period.  See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)(concluding that, for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition . . . has passed").

After the Amended Judgment became final, Salas filed several unsuccessful motions for

---

2022 WL 2062440 (10th Cir. June 8, 2022), Garcia v. Drummond, 2024 WL 4902736, at *4 (10th Cir. Nov. 27, 2024), Trimble v. Hansen, 2019 WL 990686 (10th Cir. Feb. 28, 2019), Pena-Gonzales v. State, 2022 WL 214747 (10th Cir. Jan. 25, 2022), Fisher v. Pacheco, 2022 WL 420480 (10th Cir. Feb. 11, 2022), Strickland v. Crow, 2022 WL 245521 (10th Cir. 2022), United States v. Tinsman, 2022 WL 3208346 (10th Cir. Aug. 9, 2022), Wyoming Dep't of Corr. Wyoming State Penitentiary Warden, 2025 WL 209880, (10th Cir. Jan. 16, 2025), and Weibley v. Kaiser, 2002 WL 31478974 (10th Cir. 2002), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

transcripts.   On August 16, 2017, Salas filed the Motion For/To Due Process Right of Law for Court Hearing & Trial Transcripts in the State Trial Court.   See State of New Mexico v. Salas, Case No. D-202-CR-2014-05562, Motion For/To Due Process Right of Law for Court Hearing & Trial Transcripts (County of Bernalillo, Second Judicial District Court, County of Bernalillo, State of New Mexico, filed August 16, 2017)("2017 Motion for Transcripts").   The State Trial Court denied the 2017 Motion for Transcripts on the same date.   See State of New Mexico v. Salas, Case No. D-202-CR-2014-05562, Order (County of Bernalillo, Second Judicial District Court, County of Bernalillo, State of New Mexico, filed August 16, 2017).   On November 1, 2017, Salas filed a Pro Se Petition for Writ of Mandamus in the NMSC, in which he seeks an order directing the State Trial Court to provide transcripts.   See Salas v. State of New Mexico, Case No. S-1-SC-36740, Pro Se Petition for Writ of Mandamus (Supreme Court of New Mexico, filed November 1, 2017).   The Supreme Court of New Mexico entered an Order denying that request on November 7, 2017.   See Salas v. State of New Mexico, Case No. S-1-SC-36740, Order (Supreme Court of New Mexico, filed November 7, 2017).

Salas filed another request for transcripts in the State trial court on July 25, 2018, which is titled "Mandatory Injunction," Subpoena Motion For/To Compel Discovery Evidence & All Court Pre-Trial, Trial, Post-Trial Transcripts/Writ of Mandamus.   See State of New Mexico v. Salas, Case No. D-202-CR-2014-05562, "Mandatory Injunction," Subpoena Motion For/To Compel Discovery Evidence & All Court Pre-Trial, Trial, Post-Trial Transcripts/Writ of Mandamus (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed July 25, 2018)("2018 Motion for Transcripts").   The State trial court again denied the 2018 Motion for Transcripts on the same date Salas filed it, noting that Salas "has not filed a Petition for Writ of Habeas Corpus."   State of New Mexico v. Salas, Case No. D-202-CR-2014-05562, Order on

- 4 -

Motion for Transcripts, (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed July 25, 2018).

Over two years passed with no activity in Salas' State criminal case.   On February 4, 2021, Salas filed a state Petition for Post-Sentence Relief.   See State of New Mexico v. Salas, Case No. D-202-CR-2014-05562, Petition for Post-Sentence Relief (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed February 4, 2021).   The State trial court construed the filing as a habeas petition and denied relief on September 15, 2021.   See State of New Mexico v. Salas, Case No. D-202-CR-2014-05562, Memorandum Order (County of Bernalillo, Second Judicial District Court, State of New Mexico, filed September 15, 2021).

Salas filed this § 2254 Petition on January 19, 2022.   See Petition at 1.   Salas argues, among other things, that his sentence was enhanced improperly; his counsel was ineffective; the prosecutor committed misconduct; and his convictions should be vacated based on cumulative error.   See Petition at 1-50.   The Court referred the matter to The Honorable Laura Fashing, United States Magistrate Judge of the United States District Court for the District of New Mexico, for recommended findings and disposition ("PFRD"), and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed March 1, 2022 (Doc. 3).   By an OSC entered July 21, 2022, Magistrate Judge Fashing reviewed the Petition sua sponte under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019, and determined that the Petition appears time barred.   See OSC at 3-6. See also Day v. McDonough, 547 U.S. 198, 209 (2006)(concluding that, as part of the initial review process, "courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").   The OSC sets forth the legal standard for statutory/equitable tolling and directs Salas to show cause why the Court should not dismiss the Petition.   See OSC at 1-5.   On October 17,

2022, Salas filed his Response and Factual Issues and Reasons Why Writ of Habeas Corpus Should Not Be Time-Barred, filed October 17, 2022 (Doc. 8)("Response").   On June 7, 2024, Salas also filed his Pro Se Motion/Petition [To] this Honorable Court for Absolutely Needed Federal Court Appoint Attorney, filed June 7, 2024 (Doc.11)("Motion to Appoint Counsel").   The matter is ready for review, and the Court first will consider whether the Response establishes grounds for tolling.

## LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS

A one-year statute of limitations governs petitions for a writ of habeas corpus by a person in State custody under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").   See 28 U.S.C. § 2244(d).   Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final.  See 28 U.S.C. § 2244(d).  The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review.  See 28 U.S.C. § 2254(d)(1)(A); Rhine v. Boone, 182 F.3d at 1155.

This one-year statute of limitations is tolled when a petitioner files a State habeas corpus petition.  Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending."  28 U.S.C. § 2244(d)(2).  A State habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the State's post-conviction procedures.  See Holland v. Florida, 560 U.S. 631, 635, 638 (2010); Carey v. Saffold, 536 U.S. 214, 219-20 (2002).  A State habeas petition submitted after the one-year deadline does not toll, however, the limitations period.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting that the petitioner could not take advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period").

The one-year statute of limitations may also be subject to equitable tolling.  Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure to timely file.  See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling.  See Marsh v. Soares, 223 F.3d at 1220 ("It is well

established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 Fed. App'x 674, 677 (10th Cir. 2019)("[N]either [petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition."); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); Clay v. Jones, 491 Fed. App'x 935 (10th Cir. 2012)(concluding that the petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling").

A petitioner generally "must show that he can satisfy the procedural requirements of § 2244(d) "[b]efore [the court can] address[] the merits of [his] claims. United States v. Greer, 881 F.3d 1241, 1244 (10th Cir.), cert. denied, 139 S. Ct. 374 (2018). Accordingly, and as noted above, federal courts have authority to sua sponte consider the timeliness of a habeas petition on screening. See Day v. McDonough, 547 U.S. 198, 209 (2006)(determining that, as part of the initial review process, "courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

## LAW REGARDING § 2254 HABEAS CORPUS RELIEF

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides: "[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that a state court adjudicated on its merits, § 2254(d) expressly limits federal court review. Under § 2254(d), a

habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).   Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer to those reasons if they are reasonable."   Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).   The standard is highly deferential to the State court rulings and demands that the state court be given the benefit of the doubt.   See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254.   See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court's decisions as of the time of the relevant State court decision.   Williams v. Taylor, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a State-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. at 405-06.   A State court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them."   Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A State court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. at 407-08. A court undertakes this objective unreasonableness inquiry in view of the governing rule's specificity: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. See Williams v. Taylor, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the State court decision applies clearly established federal law erroneously or incorrectly; the application must also be unreasonable. See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the State court's decision conflicts with Supreme Court precedents. See Harrington v. Richter. 562 U.S. at 102.

## ANALYSIS

In this habeas proceeding, Salas challenges the constitutionality of his State convictions for attempted murder and tampering with evidence. See Petition at 1. As explained in the OSC, Salas has not filed his claims within the one-year habeas limitation period. See OSC at 3-6. Construed liberally, Salas' Response seeks equitable and statutory tolling. The Response also may raise an actual-innocence gateway claim. The Court will set forth the State court filing timeline and address each tolling argument below.

## I.    CALCULATION OF THE ONE-YEAR LIMITATION PERIOD.

Salas' limitation period began to run no later than July 4, 2017, after the federal certiorari period expired in connection with the Amended Judgment. See Rhine v. Boone, 182 F.3d at 1155.

- 10 -

The only State filings during the next year consist of transcript requests.   The United States Court of Appeals for the Tenth Circuit repeatedly has held that State motions for records or transcripts do not toll the one-year habeas limitation period under 28 U.S.C. § 2244(d)(2).   See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003)(concluding that the district court "correctly determined that the limitations period should not be tolled during the pendency of [the petitioner's] various motions for transcripts and petitions for writs of mandamus relating to those motions"); Mack v. Falk, 509 Fed. App'x 756, 758 (10th Cir. 2013)("As the district court correctly concluded, [the petitioner's] . . . request for transcripts did not constitute an application for post-conviction or other collateral review with respect to the pertinent judgment or claim, and, therefore, did not toll the limitations period."); Osborne v. Boone, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. 1999)("The [petitioner's] attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)").   Assuming Salas' record requests do not trigger tolling here, the one-year period expired on July 4, 2018, and the 2022 habeas proceeding is time-barred.

Alternatively, even if Salas' transcript requests tolled the limitation period under § 2244(d)(2), this proceeding still would be time-barred.   The following timeline reflects Salas' requests for transcripts after his Amended Judgment became final.   The Court assumes that, for purposes of § 2244(d)(2), each State motion remained pending until "the State's highest court . . . denied review" or the State appeal period -- here, 30 days -- has expired.   Lawrence v. Florida, 549 U.S. 327, 332 (2007).   See also NMRA, Rule 12-201 (an appeal must be filed within thirty days after entry of the challenged order or judgment).

July 4, 2017:   Amended Judgment becomes final.

**-- 43 days pass with no tolling --**

August 16, 2017:   Salas files the 2017 Motion for Transcripts.

August 16, 2017:   The State trial court denies the motion on the same day.

Sept. 16, 2017:   The one-year period resumes after the order becomes final.

**-- 46 days pass with no tolling --**

Nov. 1, 2017:   Salas files a Supreme Court of New Mexico mandamus petition seeking

transcripts.

Nov. 7, 2017:   Supreme Court of New Mexico denies the petition.

Nov. 8, 2017:   The one-year period resumes, because a Supreme Court of New Mexico

order is final.

**-- 259 days pass with no tolling, for a total of 348 days --**

July 25, 2018:   Salas files the 2017 Motion for Transcripts.

July 25, 2018:   The State trial court denies the motion on the same day.

Aug. 25, 2018:   The one-year period resumes after the order is final.

See State of New Mexico v. Salas, Case No. D-202-CR-2014-05562.   Docket Sheets (County of

Bernalillo, Second Judicial District Court, County of Bernalillo, State of New Mexico); State of

New Mexico v. Salas, Case No. S-1-SC-36740, Docket Sheets (Supreme Court of New Mexico).

When "statutory tolling ceased" on August 25, 2018, the remaining "time for filing a

federal habeas petition [seventeen   days][2] resumed . . . ."   Trimble v. Hansen, No. CIV 18-1490,

2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019)(addressing complex tolling calculations under

§ 2244).   The State docket reflects no additional tolling activity during the next seventeen days.

---

[2]The Court arrived at this figure by subtracting the number of potential tolling days that elapsed during 2017 and 2018 (348) from the one-year period (i.e., 365 days in a year - 348 days that passed without tolling = 17 remaining days in the one-year period).

See State of New Mexico v. Salas, Case No. D-202-CR-2014-05562, Docket Sheet (County of Bernalillo, Second Judicial District Court, State of New Mexico).   Thus, even if the Court credits Salas with the time he spent seeking state records/transcripts, the one-year limitation period expires no later than September 11, 2018.   The State habeas petitions filed in 2021 did not, as Salas appears to believe, restart the clock or otherwise impact the expired limitations period.   See Gunderson v. Abbott, 172 Fed. App'x 806, 809 (10th Cir. 2006)("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(similar).[3]

Regardless which calculation method the Court uses, the Petition is time-barred by over three years.   Magistrate Judge Fashing explained these principles in her OSC.   See OSC at 2-6. The OSC sets out the State court filing timeline; the above calculation regarding the limitation period; and the legal standards for obtaining statutory and equitable tolling.   Salas' show-cause Response does not object to the State filing timeline or to the OSC's calculations.   See Response at 1-117.   Construed liberally, the Response seeks equitable tolling based on: (i) ineffective assistance of counsel; (ii) ignorance of the law; (iii) lack of access to courts/legal materials based, in part, on prison lockdowns; and (iv) mental/physical illness.   See Response at 2-5, 14-18, 24-25, 31, 76, 107-112.   The Response also may seek statutory tolling based on these same theories or invoke the actual-innocence exception to the time-bar, based on Salas' suggestions that he did not commit the underlying crime.   The Court will address each tolling argument below.

---

[3]he Supreme Court has created one exception to this general rule.   Jimenez v. Quarterman, 555 U.S. 113 (2009), holds that a State habeas order granting an out-of-time appeal can "reset AEDPA's 1-year limitations period," because it effectively "restore[s] the pendency of the direct appeal."   Jimenez v. Quarterman, 555 U.S. at 120-21.   The Jimenez v. Quarterman exception is inapplicable here, because the State courts never reopened the direct appeal period.

**II·.    THE RESPONSE DOES NOT WARRANT EQUITABLE TOLLING.**

Equitable tolling is "a rare remedy to be applied in unusual circumstances."    Al-Yousif v. Trani, 779 F.3d 1173, 1179 (10th Cir. 2015).    The doctrine applies only if some extraordinary circumstance outside of the petitioner's control prevented him from timely filing.    See Lawrence v. Florida, 549 U.S. 327 (2007); Menominee Indian Tribe of Wis. v. United States, 136 S. Ct. 750, 756 (2016).    "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances."    Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).    He also must separately describe "the steps he took to diligently pursue his federal claims while those circumstances existed."    Pena-Gonzales v. State, No. CIV 21-3174, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022)(noting that Yang v. Archuleta requires both "extraordinary circumstances and due diligence")(emphasis in original).    Said differently, the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

**A.    PRONG ONE OF THE EQUITABLE TOLLING TEST IS EXTRAORDINARY CIRCUMSTANCES.**

In his 117-page show-cause response, Salas cites numerous circumstances that allegedly prevented him from filing a federal habeas petition during the pendency of the one-year period, i.e., between July 4, 2017, and September 11, 2018, at the latest.    Salas argues: (i) his counsel failed to advise him adequately on the one-year limitation period; (ii) he did not understand the filing requirements; (iii) he lacked access to legal materials/transcripts and experienced a series of prison lockdowns; and (iv) he experienced various mental and physical illness while in prison. See Response at 2-5, 14-18, 24-25, 31, 76, 107-112.

**1.    Ineffective Assistance by Counsel as an Extraordinary Circumstance.**

Salas argues that his State appellate counsel failed to advise Salas that a one-year limitation

period applies to claims under 28 U.S.C. § 2254 or, alternatively, that any information his counsel provided to him was vague.  See Response at 2, 5.  The record controverts these allegations. Salas' State appellate attorney Will O'Connell sent Salas at least three letters that give notice -- in underlined text -- of the existence of a one-year federal habeas limitation period.  Some letters also contain an offer to mail Salas habeas forms and instructions upon request.  The first letter, dated March 7, 2017, informs Salas that Mr. O'Connell filed a certiorari petition with the Supreme Court of New Mexico in connection with Salas' direct appeal and states: "If the Supreme Court chooses not to review your case, the date the Supreme Court issues its order declining review will begin the running of your one-year time limit for the filing of a federal habeas corpus petition." Response at 8 (underlined text in original).  Mr. O'Connell's second letter, dated April 5, 2017, advises Salas that the NMSC denied certiorari relief and states:

> If you intend to pursue additional remedies by filing a federal habeas corpus petition, please be aware that the enclosed order declining review begins the running of the one-year time limit for filing it. . . . If you need forms and instructions for filing a state or federal habeas, please write to me and I will send you some.

Response at 9 (underlined text in original).

Mr. O'Connell sent the first two letters before the one-year limitation period started running on July 4, 2017.  See Response at 8-9.  Mr. O'Connell sent a third letter on October 17, 2017, during the pendency of the one-year period.  The third letter states:

> If you decide to file a federal habeas petition, you must file within one year from the date the New Mexico Supreme Court certiorari or 90 days after the Supreme Court issued an opinion in your case.  If you pursue a state habeas petition first, the time during which your state habeas petition is pending will temporarily delay, but not restart, this one year deadline.

Response at 11 (underlined text in original).  The third letter also provides examples how to calculate the one-year limitation period, and again offers forms and instructions upon request.  See

Response at 11.   On this record, the Court cannot find an extraordinary circumstance based on Mr. O'Connell's failure to provide advice and resources on the one-year federal habeas limitation period.

The Court also notes that, even if Mr. O'Connell provided defective or vague advice, attorney "negligence is not generally a basis for equitable tolling."   Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. 2007).   To obtain relief, the petitioner must demonstrate an attorney's conduct constitutes "far more than . . . 'excusable neglect.'"   Holland v. Florida, 560 U.S. 631, 651-52 (2010).   For example, a "garden variety . . . miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling."   Holland v. Florida, 560 U.S. at 651-52. "[C]lients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures."   Fleming v. Evans, 481 F.3d at 1255-56 (quoting Modrowski v. Mote, 322 F.3d 965, 968 (7th Cir. 2003)).   On the other hand, equitable tolling is available based on "[p]articularly egregious" conduct such as failing to follow through on "repeated, deceitful assurances that a habeas petition would soon be filed."   Trujillo v. Tapia, 359 Fed. App'x 952, 955 (10th Cir. 2010).

Salas does not allege that Mr. O'Connell lied or promised to file a federal habeas petition. At most, Salas alleges Mr. O'Connell filed a Supreme Court of New Mexico certiorari petition on Salas' behalf during the direct appeal, even though Salas wanted to file his own supplemental/pro se petition with the NMSC.   See Response at 75, 77-79 (attaching letters from Salas regarding a pro se supplemental filing).   This disagreement has no bearing on the federal habeas limitation period, given that Mr. O'Connell gave Salas a clear and unequivocal notice that the Supreme Court of New Mexico denied certiorari relief on direct appeal, and that the one-year period would start running in 2017.   See Response at 9.   See also Jones v. Romero, 835 Fed. App'x 973, 978 (10th

Cir. 2020)(declining to apply equitable tolling where petitioner "received improper advice" regarding federal habeas relief and specifically, the statute of limitations); Kraus v. Heimgartner, 681 Fed. App'x 679, 682 (10th Cir. 2017)(finding no extraordinary circumstances "based on a misunderstanding between" the petitioner and his attorney "as to the filing of a state post-conviction petition"); Mullins v. Allbaugh, 663 Fed. App'x 628, 632 (10th Cir. 2016)(declining to apply equitable tolling where petitioner went "through at least five lawyers, one of whom sat on the case for many years and was eventually disbarred").  Salas therefore cannot demonstrate extraordinary circumstances based on ineffective assistance by counsel.

**2.      Ignorance of the Law is not an Extraordinary Circumstance.**

Salas also argues that he was confused about any one-year limitation period based on the title of the statute that imposes such requirement, i.e., the Antiterrorism and Effective Death Penalty Act of 1996.  Salas initially believed that statute applied only to terrorists.  See Response at 2.  Salas eventually discovered the "technicality he was up against and only heard of by word of mouth by other misinformed prisoner[s]."  Response at 2.  "Any confusion or misunderstanding on [Salas'] part" is "insufficient to invoke equitable tolling because ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Ramirez v. Allbaugh, 771 Fed. App'x 458, 462 (10th Cir. 2019)(quoting Marsh v. Soares, 223 F.3d at 1220).  See Marsh v. Soares, 223 F.3d at 1229 ("It is well established that ignorance of the law . . . does not excuse prompt filing.").  Salas cannot demonstrate, therefore, an extraordinary circumstance based on his confusion regarding the one-year limitation period.

To the extent that Salas incorrectly believed his supplemental filings still were pending before the Supreme Court of New Mexico after the Supreme Court of New Mexico issued its Order Denying Certiorari Petition on April 4, 2017, the same rule regarding ignorance of the law applies.

See Response at 75-79.   As noted above, Mr. O'Connell notified Salas of the New Mexico

Supreme Court's decision and provided a copy of the Order Denying Certiorari Petition.   See

Response at 9.   Salas' disagreement with Mr. O'Connell's notice that the direct appeal was

concluded and/or disagreement with the New Mexico Supreme Court's decision do not constitute

extraordinary circumstances warranting relief.   See Fisher v. Pacheco, 2022 WL 420480, at *2

(10th Cir. Feb. 11, 2022)(finding no equitable tolling where habeas petitioner "misconstrued prior

filings").

### 3.   Lockdowns Impeding Legal Access is not an Extraordinary Circumstance.

Salas' next argument is based on the alleged lack of access to legal materials.   Salas

attaches various grievances to the Response, which show he was subject to lockdowns and/or pod

restrictions at different times in 2017 and 2018.   See Response at 3-4, 20-33, 98, 107.   Salas

argues that, when he was permitted to visit the law library, the following issues impacted the

quality of his research: (i) the material was out of date; (ii) the prison failed to provide a trained

legal assistant or paralegal; (iii) the prison provided statutes/rules rather than case law; (iv) prison

officials limited his research time to two hours per week; and (v) prison officials refused to provide

free copies because his account was overdrawn by at least $300.00.   See Response at 14-18, 25,

41-46, 53-54, 61-63.

As an initial matter, it would be impossible to calculate when the one-year period was tolled

because of lockdowns, given that the 117-page Response does not include a discernable or

complete timeline.   The Response instead attaches a collection of grievances citing lockdowns

and/or cancelled law library appointments at various points between 2017 and 2022.   Salas

speculates that he was subject to lockdowns or pod restrictions around seventy-five percent of the

time but does not explain how he arrives at this estimate.   See Response at 16.

Even assuming the estimate is correct, the Tenth Circuit has repeatedly held that a prolonged lockdown that impedes access to relevant law and/or an inadequate law library is insufficient to warrant equitable tolling.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(refusing to apply tolling where the facility does not have materials for review that allow the petitioner to file an informed habeas petition nor a process to request those materials); Garcia v. Drummond, 2024 WL 4902736, at *4 (10th Cir. Nov. 27, 2024)(finding no extraordinary circumstances where "acquiring legal materials was slow and unwieldy and perhaps subject to the caprice of unfriendly staff"); United States v. Orecchio, 2022 WL 2062440, at *3 (10th Cir. June 8, 2022)(concluding that "the lack of a [law] library" alone "does not rise to the level of an exceptional and extraordinary circumstance."); Porter v. Allbaugh, 672 Fed. App'x 851, 857 (10th Cir. 2016)(affirming "district court's determination that [the petitioner's] general grievances [concerning accessing the prison law library] fail to constitute extraordinary circumstances."); Phares v. Jones, 470 Fed. App'x. 718, 719 (10th Cir. 2012)("The mere fact of a prison lockdown . . . does not qualify as extraordinary.").  This law has not changed, even in the context of prolonged COVID-19 lockdowns.  The Tenth Circuit has declined to apply equitable tolling where the habeas petitioner has "limited access to the prison law library due to COVID-19 quarantine lockdowns."  Strickland v. Crow, 2022 WL 245521, at *4 (10th Cir. 2022).  See also Donald v. Pruitt, 853 Fed. App'x 230, 234 (10th Cir. 2021)(declining to apply tolling where the petitioner has "limited access to the law library in the wake of COVID-19" and alleged that "COVID restrictions prevented him from meeting with another inmate for help in preparing and filing his legal documents").  Cf. Pena-Gonzales v. State, 2022 WL 214747, at *1 (finding no equitable tolling where the petitioner alleges "lockdowns caused by COVID-19, riots, and prison killings prevented him from accessing the prison law library").  To establish, therefore, an

extraordinary circumstance, "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library" or, in relation to lockdowns, "hindered his efforts to pursue a legal claim."    United States v. Oakes, 445 Fed. App'x 88, 94 (10th Cir. 2011)(quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)).

In this case, Salas' Response does not allege specific facts showing that the lockdowns or the inadequate law library "prevented him . . . from timely moving for relief" under 28 U.S.C. § 2254.    United States v. Tinsman, No. CIV 21-7024, 2022 WL 3208346, at *4 (10th Cir. Aug. 9, 2022).    Salas has filed over ten motions and notices in State court during the pendency of the federal limitation period, i.e., between July 4, 2017 and September 11, 2018, at the latest.    See Salas v. BCMDC, Case No. D-202-CV-2016-03280, Docket Sheet (County of Bernalillo, Second Judicial District Court, State of New Mexico)(reflecting that -- during the one-year habeas limitation period -- Salas filed over ten submissions and engaged in discovery in his State civil action against jail officials).    Many of his grievances reference this ongoing State litigation.    See Response at 46, 61, 104 (referencing various State cases and State hearings).

Salas has not explained why he was able to file at least ten motions and notices in State court, but he could not file a form § 2254 petition in this Court.    See Garcia v. Drummond, No. CIV 24-6193, 2024 WL 4902736, at *5 (10th Cir. Nov. 27, 2024)(concluding that a habeas petitioner cannot not show extraordinary circumstances based on "his limited access to the law library" where he "successfully filed several documents with the Oklahoma courts, including a pro se motion for a suspended sentence and an application for post-conviction relief"); Trujillo v. Santistevan, 828 F. App'x 510, 511 (10th Cir. 2020)(rejecting the argument that "restrictions on law-library access slowed [the petitioner's] ability to prepare a state habeas petition," and noting that, "[d]espite these restrictions, [the petitioner] was able to file the state habeas petition . . . so

the restrictions in law-library access thus didn't trigger equitable tolling").    Salas also fails to explain what resources he needed to file a § 2254 petition in 2017 or 2018.    Salas' counseled state appellate brief raises the exhausted § 2254 claims, and Mr. O'Connell offers to provide a § 2254 habeas form and instructions upon request.    <u>See</u> Response at 8-11.

Salas also argues that he lacked access to various other legal resources, including unlimited free copies, reliable mail, and trial transcripts.    Salas contends that the prison failed to provide free copies between at least 2016 and 2019.    <u>See</u> Response at 53-54.    The attachments to the Response demonstrate that prison officials stopped offering free copies when Salas' account was overdrawn by at least $300.00, but they continued to send legal mailings.    <u>See</u> Response at 58. Prison officials are not required to provide unlimited free copies to comply with an inmate's right to access courts.    <u>See</u>, <u>e.g.</u>, <u>Harrison v. Bent Cty. Corr. Facility</u>, 24 Fed. App'x 965, 967 (10th Cir. 2001)(blessing policy that limits free mailing materials where inmate account is more than $300.00 in arrears, and noting that prison officials may also place "reasonable limits on amounts 'advanced' to inmates for copying and postage" when the inmate is in arrears)(internal quotations have no citation).    In any event, Salas has not shown why he needed free copies to file a timely § 2254 petition or how he was able to continue submitting filings in the State court without free copies.    To the extent that Salas alleges prison officials were not mailing letters, there is no indication he tried to mail a § 2254 form during the pendency of the one-year limitation period. He admits that he initially did not know the one-year period was running and that he later "heard by word of mouth" from a "misinformed prisoner."    Response at 2.

To the extent that Salas argues extraordinary circumstances exist, because the State courts initially denied his requests for transcripts, such argument also fails.    The Tenth Circuit repeatedly concludes that the "failure to receive trial transcripts . . . to canvas the record for possible error

does not constitute 'extraordinary circumstances' that would entitle [a § 2254 petitioner] to equitable tolling."   Bhutto v. Wilson, 669 Fed. App'x 501, 503 (10th Cir. 2016)(internal quotations have no citation).   See Heinemann v. Murphy, 401 Fed. App'x 304, 311 (10th Cir. 2010)(rejecting argument that "the unavailability of a transcript warrants equitable tolling").   This rule is particularly true here, because Salas does not demonstrate how the transcripts aided his § 2254 filing.   Instead, he theorizes that it would have been a "waste of . . . time" to "raise issues without evidence to support claims."   Response at 65-66.

Finally, to the extent that Salas occasionally lacked access to his case files during housing transfers or property searches, he has not demonstrated that such events occurred during the one-year period or that they prevented the timely filing of his § 2254 petition, as opposed to preventing the timely filing of documents in other cases.   See Response at 49 (attaching grievance dated November 20, 2018 -- after the expiration of the one-year habeas limitation period -- that states "legal documents are being held in H2 Pickit"); Response at 104 (noting that Salas "did not get [his] legal papers and work" in 2019; stating the information in those papers relate to active cases in state court; and citing the state case numbers as "CV-16-03280, CR-14-05562, CR-12-1217"); Response at 61 (noting that in 2019, Salas was "in the middle of civil litigation").

In sum, Salas has not shown that any lockdowns or alleged legal access issues prevented him from filing a § 2254 habeas petition during the one-year period, nor has he has explained how he otherwise was able to conduct active litigation in State court during that time.   Salas therefore cannot demonstrate extraordinary circumstances based on any lockdowns or lack of legal access.

### 4.    Mental/Physical Health are not an Extraordinary Circumstance.

Salas argues that his physical and mental health issues qualify as an extraordinary circumstance which prevented the timely filing of his § 2254 petition, and that he "had no choice

but to put [his] case down" based on his "extreme health problems."   Response at 76.   Salas states

that he suffered childhood abuse; he suffers migraines, because prison officials leave the lights on

twenty-four hours a day; he experiences brain fog; and the medical unit ignores his issues.   See

Response at 3.   Salas further states that he has a learning disability; trouble sleeping; depression;

and that he experienced hallucinations during prolonged lockdowns.   See Response at 3, 31, 82.

As to any physical issues, Salas has not demonstrated that migraines, lack of sleep, and

brain fog prevented him from filing a § 2254 petition during the entire duration of the one-year

period.   See Takemire v. Novak, 57 Fed. App'x, 385, 387 (10th Cir. 2003)(denying equitable

tolling, despite the petitioner's history of "long standing physical complications," when the

petitioner did not show such issues "made it impossible to file").   As to any mental illness, such

"impairment is not per se a reason to toll a statute of limitations."   Del Rantz v. Hartley, 577

F. App'x 805, 810 (10th Cir. 2014)(quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir.

2009)).   "[F]ederal courts equitably toll the limitations period only when there is a severe or

profound mental impairment, such as that resulting in institutionalization or adjudged mental

incompetence."   Del Rantz v. Hartley, 577 F. App'x at 810 (citing Fisher v. Gibson, 262 F.3d

1135, 1143, 1145 (10th Cir. 2001)).   See Biester v. Midwest Health Servs., Inc., 77 F.3d 1264,

1268 (10th Cir. 1996)(declining to equitably toll the Title VII[4] limitations period based on the

plaintiff's claim of mental illness, because he failed to allege exceptional circumstances, like being

"adjudged incompetent or institutionalized"); Reupert v. Workman, 45 Fed. App'x. 852, 854 (10th

Cir. 2002)(determining that equitable tolling is appropriate only if the petitioner presents "adequate

proof of incompetence" during the relevant timeframe).

There is no evidence that Salas was adjudged incompetent or that he has a profound mental

---

[4]"Title VII" refers to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e.

impairment. The medical records that Salas attaches to the Response reflect that a prison medical provider referred Salas to a psychiatric consult in May of 2017 based on "increased depression, anger, and sleeping a lot." Response at 82. Another medical progress note from 2017 states that Salas "would like to get back on psych meds for depression"; Salas "has been using IV drugs to help his moods"; and Salas is "angry about having to pay 50 cents a copy for his records to support his legal case." Response at 84. A medical progress note dated December 17, 2018, states that Salas is "mentally ill due to lockdowns" and that Salas experienced hallucinations. Response at 98. An undated medical record reflects prison providers prescribed citalopram -- a selective serotonin reuptake inhibitor ("SSRI") antidepressant -- for "anxiety disorders," and to target symptoms such as "changes in concentration" and "nervousness." Response at 86. Notwithstanding these issues, Salas was able to prosecute a civil action against a jail, including engaging in discovery. See Salas v. BCMDC, Case No. D-202-CV-2016-03280, Docket Sheet (County of Bernalillo, Second Judicial District Court, State of New Mexico)(reflecting that -- during the one-year habeas limitation period -- Salas filed over ten submissions and engaged in discovery in his State civil action against jail officials). On this record, Salas cannot demonstrate his untimely filing is traceable to a profound mental impairment.

For each reason above, the Court concludes that Salas' show-cause Response does not demonstrate that extraordinary circumstances prevented him from timely filing a § 2254 petition during the one-year period, i.e., between July 4, 2017 and September 11, 2018, at the latest. Salas therefore does not meet the first prong of the equitable tolling test.

### B. PRONG TWO OF THE EQUITABLE TOLLING TEST IS DUE DILIGENCE.

Alternatively, even if Salas could establish extraordinary circumstances, the Response is devoid of facts showing he "diligently pursue[d] his federal claims while those circumstances

existed." Pena-Gonzales v. State, 2022 WL 214747, at *1. Salas' 117-page show-cause Response focuses on each circumstance that allegedly hindered his ability timely to file a § 2254 petition. The Response does not describe what particular steps, if any, Salas took to pursue his § 2254 claims during the pendency of the one-year limitation period, i.e., between July 4, 2017, and September 11, 2018, at the latest. See Gordon v. Crow, No. CIV 22-6172, 2023 WL 3065542, at *2 (10th Cir. 2023)("[W]hat a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."); Donald v. Pruitt, 853 Fed. App'x at 234 (inmate who experiences COVID19 lockdowns must still show "he was pursuing his rights diligently throughout the one-year window").

The Court discerns that there are no facts showing due diligence, because Salas did not understand the one-year limitation period's requirements until after it expired. See Response at 2, 5 (alleging that State appellate counsel did not inform adequately Salas of the federal limitation period; that Salas "only heard by word of mouth by other misinformed prisoner[s]"; and that he initially had no "choice but to put [his] case[s] down" because of health problems). In any event, the alleged facts and grievances show that, before the expiration of the one-year period, Salas: (i) requested legal materials generally; (ii) filed grievances when he was locked down and/or could not obtain adequate legal materials; (iii) requested transcripts; and (iv) was busy litigating in State court. See supra, § II.A, at 14-24. These facts do not show Salas took steps timely to prepare and to file a federal petition, even if he was taking steps to litigate his ongoing State cases. See Williamson v. Wyoming Dep't of Corr. Wyoming State Penitentiary Warden, No. CIV 24-8015, 2025 WL 209880, at *7 (10th Cir. Jan. 16, 2025)(finding no due diligence where petitioner "does not cite, and we have not found, any allegation in his petition regarding actions he took to pursue his [federal habeas] rights"); Stovall v. Chaptelain, 660 F. App'x 674, 677 (10th Cir.

2016)(concluding that, when a petitioner alleges that he has been in lockdown for ten years without access to legal materials, equitable tolling is not appropriate, because the petitioner does not "allege with specificity the facts he took to diligently pursue his federal claims" during that ten-year period); <u>Phares v. Jones</u>, 470 Fed. App'x at 719-20 (holding a combination of head injury, administrative segregation, and lockdown not sufficient to warrant equitable tolling where the petitioner offered "no evidence or allegation that he took action on his [federal] petition" before the limitations period expired);

For these reasons, the Response does not show due diligence and/or satisfy the equitable tolling test's second prong. Salas is not entitled to equitable tolling of the federal habeas limitation period, which expired no later than September 11, 2018.

## III.    THE RESPONSE DOES NOT WARRANT STATUTORY TOLLING.

The Response primarily addresses equitable tolling and, in particular, extraordinary circumstances. Salas also argues, however, that he experienced "obstructing issues" and that he could not file his § 2254 claims without State trial transcripts. Response at 1, 65. The Court liberally construes the Response to raise a claim for statutory tolling under 28 U.S.C. § 2244(d)(1)(B) (allowing statutory tolling based on a state filing impediment), and § 2244(d)(1)(D) (allowing statutory tolling based on the belated discovery of relevant facts).

### A.    STATUTORY TOLLING BASED ON A STATE IMPEDIMENT DOES NOT APPLY TO THIS CASE.

Section 2244(d)(1)(B) states that the one-year period can be extended so that it starts to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). To take advantage of § 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the State action] … impeded his

ability to file a federal habeas petition." Weibley v. Kaiser, No. CIV 02-5063, 2002 WL 31478974, at *3 (10th Cir. Nov. 6, 2002).

Salas' primary arguments for statutory tolling -- that he lacked access to legal materials because of lockdowns, and the failure to provide case law, free postage, and transcripts -- fail for the same reasons above. The Tenth Circuit declines to apply statutory tolling under § 2244(d)(1)(B) where the petitioner allegedly lacks access to "adequate research in preparing his state and federal petition[]." Garcia v. Hatch, 343 Fed. App'x 316, 318-19 (10th Cir. 2009). Garcia v. Hatch explains that, "[w]hile the quality of [the § 2254] petition might have been improved with greater legal assistance," the petitioner fails to show he was actually "incapable of filing a timely habeas petition given the resources available." Garcia v. Hatch, 343 Fed. App'x at 319. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998)(rejecting claim to statutory tolling under § 2244(d)(1)(B), and noting that "[i]t is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate").

As noted above, Salas was able to file at least ten submissions in his State civil action during the pendency of the one-year period. Moreover, this § 2254 Petition primarily raises claims that were exhausted on direct appeal. Salas has not shown the lockdowns, lack of legal access, and lack of transcripts prevented him from filing a § 2254 proceeding, nor are there specific facts showing when the alleged impediment was removed, i.e., the exact dates of the lockdowns. See United States v. Thody, 460 Fed. App'x 776, 781 (10th Cir. 2012)(determining that an entitlement to statutory tolling requires that the government impediment "actually prevented" defendant from filing a motion). Statutory tolling is also unavailable based on Salas' disagreement with appellate counsel. See Sigala v. Bravo, 656 F.3d 1125, 1127 (10th Cir. 2011)(determining that actions by a defendant's counsel, including a public defender, "cannot properly be [ ] action attributable" to

the State for purposes of § 2244(d)(1)(B)).  The Response therefore does not demonstrate an entitlement to tolling under § 2244(d)(1)(B).

### B.    STATUTORY TOLLING BASED ON NEW FACTS DOES NOT APPLY TO THIS CASE.

Section 2244(d)(1)(D) of Title 28 tolls the start of the habeas limitation period through the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  To the extent that Salas argues that he did not discover the factual basis for his claims until he obtained the trial transcripts, this argument is not successful.  As noted above, it is not clear when he received his transcripts. The Tenth Circuit also holds that the "delay in providing [the petitioner] a transcript of the trial court proceedings" . . . is "not the type of factual predicate necessary to justify application of § 2244(d)(1)(D)."  Rhodes v. Wyoming Dep't of Corr., 720 Fed. App'x 958, 960 (10th Cir. 2018). Statutory tolling therefore is unavailable under § 2244(d)(1)(D).

## IV.    THE RESPONSE DOES NOT DEMONSTRATE AN ACTUAL INNOCENCE GATEWAY CLAIM.

The Response raises an actual innocence claim, based on Salas' belief that he acted on his family's behalf and therefore did not commit any crime.  See Response at 6, 107.  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" if the "expiration of the statute of limitations." would otherwise bar his § 2254 petition.  McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  "Th[e] actual innocence exception is rare and will 'only be applied in the extraordinary case.'"  Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010)(quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)).  A habeas petitioner must "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Burke v. Bigelow, 792 Fed. App'x 562, 565 (10th Cir. 2019)(quoting

McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)).    "An actual innocence claim must be based on more than the petitioner's speculations and conjectures."    Taylor v. Powell, 7 F.4th 920, 927 (10th Cir. 2021).    The "new reliable evidence" must be similar to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . that was not presented at trial."    Taylor v. Powell, 7 F.4th at 927.

Salas has not submitted any new, reliable evidence that would convince a reasonable juror to acquit him for attempted murder.    At most, Salas argues his actions were justified, because "his daughter and family were defiled."    Response at 6.    A § 2254 petitioner's own conjectures about why he did not commit a crime are insufficient to establish an actual-innocence gateway claim. See McDaniel v. Cody, 104 F.3d 367 (10th Cir. 1996)(rejecting actual innocence claim based on petitioner's "own affidavit concerning what he believes" happened); Frost v. Pryor, 749 F.3d 1212, 1232 (10th Cir. 2014)("[s]imply maintaining one's innocence" does not establish actual innocence).    The Response has not shown the actual innocence exception applies in this case.

## V.    THE COURT DENIES A CERTIFICATE OF APPEALABILITY ("COA").

In sum, and for the reasons above, the Court concludes that the one-year limitation period expired on September 11, 2018, at the very latest, and that Salas' § 2254 Petition filed January 19, 2022, is time-barred by over three years.    The Court further concludes that Salas' show-cause Response does not overcome the time-bar or establish grounds for tolling.    The Court dismisses the Petition with prejudice as time-barred.    The Court also denies Salas' pending Motion to Appoint Counsel, which is now moot.    Finally, the Court denies a COA pursuant to rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010, as the time-bar is not reasonably debatable.    See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(a COA issues only in habeas matters where "reasonable

jurists would find the district court's assessment . . . debatable or wrong").

   **IT IS ORDERED** that: (i) the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed January 19, 2022 (Doc. 2), is dismissed with prejudice; (ii) the Petitioner's Pro Se Motion/Petition [To] this Honorable Court for Absolutely Needed Federal Court Appoint Attorney, filed June 7, 2024 (Doc. 11), is denied; (iii) a Certificate of Appealability is denied; and (iv) the Court will enter a separate Final judgment disposing of the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Lorenzo A. Salas
Hobbs, New Mexico

   *Petitioner pro se*

- 30 -